**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOLLY BOWERS<br>559 Hansell Road<br>Wynnewood, PA 19096<br><br>           Plaintiff,<br><br>       v.<br><br>SD-DVS HOLDINGS, LLC, d/b/a<br>DIVERSIFIED SEARCH GROUP<br>2005 Market Street, Floor 33<br>Philadelphia, PA 19103<br>       and<br>DIVERSIFIED SEARCH, LLC<br>2005 Market Street, Floor 33<br>Philadelphia, PA 19103<br><br>           Defendants. | CIVIL ACTION<br><br>No.: _____<br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, Holly Bowers, by and through her undersigned counsel, hereby avers as follows:

## I.  INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendants of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621, *et. seq.*), Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e, *et. seq*.), and 42 U.S.C. § 1981. Plaintiff asserts she was discriminatorily terminated from her employment with Defendants and that she suffered damages more fully described and sought herein.

## II.  JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants resident of the Eastern District of Pennsylvania.

5. Plaintiff properly exhausted her administrative remedies by timely filing claims for age and racial discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff now files this lawsuit within ninety (90) days of receiving a right-to-sue letter and/or notice of case closure from the EEOC.

### III.  PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant SD-DVS Holdings, LLC, d/b/a Diversified Search Group (or "DSG") is a for-profit company (hereinafter referred to as "Defendant Holdings") providing employment staffing and recruitment services nationwide.

9. Defendant Diversified Search Group, LLC (hereinafter referred to as "Defendant DSG") provides the same services as Defendant Holdings, but operates as brand, branch, and subsidiary of Defendant Holdings.

10. Defendant Holdings through acquisition or otherwise operates under many names as a single enterprise. Its brands include Diversified Search, Alta Associates, BioQuest, GrantCooper, Koya Partners, StorbeckSearch, Yardstick Management (and other name iterations).

11. Defendants are a single enterprise which employed Plaintiff operating through numerous branches offering recruitment and staffing-related services to third-party companies all over the United States (with each brand typically representing a different employment specialization or focus).

12. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV.    FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff is a 57-year-old, Caucasian female.

15. Plaintiff was employed with Defendants for approximately eight (8) years, until on or about March 15, 2023 (when her employment was deemed *effectively* separated).

16. Plaintiff primarily performed a role of recruitment, and her job title was that of Vice President and Senior Search Associate.

17. Plaintiff primarily worked within Defendants' education practice reporting to Kim Morrison ("Morrison"). Morrison was (and upon information and belief remains) a Managing Director of Defendants. Plaintiff indirectly reported to Shelly Storbeck, Defendants' Global Education Practice Lead and Managing Director.

18. In her approximate 8 years of employment, Plaintiff:

- Performed in an objectively outstanding manner;
- Was never given any progressive warning or discipline;
- Was deemed a top performer in her field and role; and
- Was one of the mostly highly-qualified and highly-experienced recruiters within Defendants (operating as a subject-matter expert in her field).

19. In addition to the foregoing, Plaintiff receiving substantial recognition for her work and achievements during her tenure, was head-and-shoulders above others in metrics, and was highly-valued by clientele.

20. On or about February 28, 2023, Plaintiff was informed (without prior warning or notice) that she was being separated from Defendants and that Defendants would deem her official date of separation to be March 15, 2023 (the date in which she ceased being compensated).

21. The rationale given to Plaintiff for her separation from employment was job elimination and/or a corporate reduction-in-force.

22. Plaintiff was informed that a total of eight (8) individuals were being included in the job elimination(s) and/or reduction-in-force. Two (2) people (including Plaintiff) with Plaintiff's same title were terminated, and each such individual (including Plaintiff) was 57 years old.

23. Determinative factors in Plaintiff's termination were her age and race, as explained *infra*.

24. In 2022 (and through December of 2022), Defendants acquired **more** people than were separated (only months in later in February / March of 2023). Firmwide, though especially

pronounced within the Storbeck Education Practice, the overwhelming majority of the 2022 hires were **<u>young and people of color</u>** (and in particular, African American or Hispanic).

25. Defendants did not meaningfully change overall headcount from 2022 – 2023. Defendants merely made room for individuals of color and younger employees similarly situated to Plaintiff, effectively replacing older, Caucasian individuals (like Plaintiff).

26. Leading up to Plaintiff's abrupt and unexpected (purported) job elimination, there had become a mantra amongst high-level management lobbying for a demographic change in the composition of employee ethnicity. Management continually pressed (verbally and in writing) for more people of color employee representation, continually raised concerns of DEI (diversity, equity and inclusion), and espoused concerns about perceptions and optics as to clientele. This messaging was especially pervasive within the Storbeck Education Practice. In other words, high-level management implemented a goal and directive to employ a larger percentage of non-Caucasians at all levels.

27. Plaintiff is personally a strong proponent of diversity, equity, and inclusion ("DEI"). Plaintiff believes that the best candidates, irrespective of race or ethnicity should be hired and retained. And Plaintiff believes there should be a diverse workforce in any work environment overall. She is an overall advocate for DEI.

28. What concerned Plaintiff though is that Defendants placed such an emphasis on changing the workforce dynamic as to race and ethnicity so quickly that it became clear it was *an actual factor* in making employment-related decisions as to staffing and retention (at all levels of Defendants). This was extremely apparent specifically within the Education Practice with Associates (of varying levels) hired in 2022 in the Storbeck division; *virtually all those hired were people of color and almost all had no previous recruiting experience*.

29. The push to insert "people of color" within Defendants was so pervasive and pronounced that not only was it continually verbally emphasized in meetings, but it was part of ongoing presentations. Slides presented in meetings included comments such as "recruit and retain people of color at DSG," "dedicate additional resources to increasing diversity at Managing Director level in particular," "prioritize recruitment and retention of people of color at all levels of DSG," and other slides suggesting promotions or placements of "people of color."

30. DEI is supposed to entail processes such as obtaining a larger applicant pool, removing barriers or prejudices in hiring or retention, and ensuring equity in a workplace so as not to exclude or underpay anyone (facilitating retention) - - ***not*** using a preference at a snapshot in time to simply replace people based upon skin color.

31. When Plaintiff was terminated, **<u>dozens</u>** of individuals were retained in similar roles to the one Plaintiff held (or which Plaintiff could have performed). Many individuals not terminated as part of a reduction in force were non-Caucasian and much younger than Plaintiff. They held similar roles to Plaintiff or roles Plaintiff could have performed if neutral (non-discriminatory) criteria were used (even if a reduction in force were necessary). Many similarly-situated employees retained by Defendants had either **<u>minimal or no</u>** prior experience working in their role.

32. Yet, Plaintiff was terminated in lieu of: (a) less-qualified employees; (b) less-tenured employees; (c) younger or underrepresented employees; and (d) despite that Plaintiff had very strong metrics, a long-history of being a top performer, and was one of the most skilled and qualified experts in this area of recruiting employed at time the of my termination.

33. There will be ample witness corroboration that race and age were primary factors in retention and termination(s) within Defendants. For example, Millie LaPierre provided a

sworn declaration during EEOC proceedings about and concerning Defendants' discriminatory practices. Pierre was a higher-level Vice President of Defendants (reporting directly to executive management) for 16 years (leaving in mid-2022); and in her declaration, she explains:

- It was known that Plaintiff was a "subject matter expert," Plaintiff was "extremely thorough," and Plaintiff was an "excellent (and long-term) employee;"

- Toward the end of her tenure, "there appeared to be a significant shift in demographics towards much younger personnel at many levels;"

- The Chief Operations Officer ("COO") expressed an intent to get rid of older employees companywide, explaining they were too costly nationally relative to health insurance (**illustrating a corporate intent at the highest level**);

- Race was being used as a factor in employment decisions within Defendants; and

- She elected to resign because of the very discriminatory practices outlined in this lawsuit (as she herself was experiencing discrimination).

*See* 3/23/2023 Sworn Declaration of Millie LaPierre (former Vice President of Defendants), attached hereto as "Exhibit A."

34.   Age and/or race were determinative factors in Plaintiff's selection and/or non-retention within Defendants.

## First Cause of Action
## Violations of the Age Discrimination in Employment Act ("ADEA")
(Discriminatory Termination)

35.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.   Plaintiff was terminated because of her age and/or selected for a reduction-in-force because of her age.

37.   These actions as aforesaid constitute violations of the ADEA.

### Second Cause of Action
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Discriminatory Termination)

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff was terminated because of her race and/or selected for a reduction-in-force because of her race.

40. These actions as aforesaid constitute violations of Title VII.

### Third Cause of Action
### Violations of 42 U.S.C. § 1981
### (Discriminatory Termination)

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff was terminated because of her race and/or selected for a reduction-in-force because of her race.

43. These actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded punitive damages, liquidated damages, and/or any other penalty damages as permitted by law and as appropriate to punish Defendants for corporate discriminatory practices conducted with reckless indifference and/or malice towards Plaintiff's state / federal non-discrimination protections;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

          Respectfully submitted,

          **KARPF, KARPF & CERUTTI, P.C.**

By: _____
          Ari R. Karpf, Esq.
          3331 Street Rd.
          Bldg. 2, Ste. 128
          Bensalem, PA 19020

Date: May 3, 2023

Case 2:23-cv-01686-MSG   Document 1   Filed 05/03/23   Page 10 of 12

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Holly Bowers : CIVIL ACTION
v. :
:
SD-DVS Holdings, LLC, d/b/a Diversified Search Group, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 5/3/2023 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 559 Hansell Road, Wynnewood, PA 19096

Address of Defendant: 2005 Market Street, Floor 33, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/3/2023   _____[signature]_____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 5/3/2023   _____[signature]_____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BOWERS, HOLLY

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

SD-DVS HOLDINGS, LLC
D/B/A DIVERSIFIED SEARCH GROUP, ET AL.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | [X] 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621); TITLE VII (42USC2000); SECTION 1981 (42USC1981)

Brief description of cause:
Violations of the ADEA, Title VII and Section 1981.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 5/3/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE